Vick and wife, Appellants, v. Haas and others, Respondents.

*January 9—February 6, 1962.*

480

For the appellants there was a brief by *Melchior &
Melchior* of Appleton, attorneys, and *Schlotthauer, Jenswold*

*& Reed* of Madison of counsel, and oral argument by *Robert R. Studt* of Madison.

For the respondent Bruce Haas there was a brief and oral argument by *Thomas S. Sommers* of Milwaukee.

For the respondent General Insurance Company there was a brief by *Bradford & Gabert* of Appleton, and oral argument by *Stanley R. Gabert.*

BROWN, J. Appellants present two reasons why the attempted cancellation of the policy is ineffective: (1) General Insurance could not cancel the automobile coverage afforded in the policy by General Casualty; and (2) if such coverage could be so canceled, the receipt, acceptance, and application of Haas' payment June 13th upon the contract estops General Insurance from later asserting that the coverage terminated June 14th in accordance with the cancellation notice.

It is a fact that General Casualty had expired before the disputed policy was written. Nevertheless, the successor company, General Insurance Company, issued this policy in the joint names of both companies and did not inform Haas of the previous demise of General Casualty and General Insurance had succeeded to the rights and liabilities of the former.

In our view it is immaterial to the result whether General Casualty Company continued to exist during the times in question or did not. There was only one policy. There was only one premium (though paid in instalments) for protection against all the insured risks. The single policy did not provide any apportionment of the premium among the various coverages afforded by the policy. When Haas defaulted he defaulted on the entire policy. The learned trial judge filed a written decision in which he noted Haas' obligations and his repeated defaults and the successive warnings he received from General Insurance Company culminating in the notice of cancellation, effective more than

ten days hence, as the terms of the policy directed. With our own emphasis we quote from the trial court's decision, in which we concur:

"The policy was a combined and a blanket one, binding the insurer or insurers to afford him protection for casualty loss up to certain limits, and bound him to pay the premium on the basis of his agreement. Failure on his part to fulfil his portion of the agreement could and did bring about a cancellation of the insurer's or insurers' obligation. *The right to cancel is the right to cancel the entire policy* and not only that portion of the coverage to which, as he claims he assumed, each company committed itself. There was a breach-of-premium-payment obligation which gave rise to a right in the insurer on the policy, whoever it might have been, to cancel it."

Having determined that General Insurance could and did cancel the entire policy we reach the estoppel issue.

After Haas received notice of the cancellation dated June 2d, effective June 14, 1958, Haas paid one of the three instalments then delinquent. General Insurance Company accepted the payment and gave credit on the debt. Without more this would not have the effect of revoking the cancellation. And there was nothing more. General Insurance did nothing to lead Haas to believe that the cancellation was thereby revoked. Haas asserts that he did so believe but, if so, that is mere wishful thinking, not induced by any assurances or representations by word or action on the part of the company. The case of *Wisconsin Natural Gas Co. v. Employers Mut. Liability Ins. Co.* (1953), 263 Wis. 633, 58 N. W. (2d) 424, cited to us by appellants, is quite different. There the delinquent assured tried unsuccessfully to extend his policy by estoppel after the date set by the cancellation notice. The assured made no payment and we upheld the cancellation. In the opinion we remarked (p. 643):

"There clearly was no coverage by estoppel. Ingbretson could not assume that the policy would be continued indefinitely without some payment on the premium."

Present appellants deduce from that that *some* payment would have restored coverage. The deduction is unwarranted unless the company represents that *some* payment would have that effect. In the *Natural Gas Case no* payment was made. Presently General Insurance never gave to Haas any indication that under any circumstances the announced cancellation would be modified.

We find no estoppel to prevent General Insurance Company from standing on the cancellation of which Haas had already been informed.

*By the Court.*—Judgment affirmed.